# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **NOLAN MCKENZIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 12-2395-EFM** |
| | ) | |
| | ) | |
| **UNITED ACCESS, and** | ) | |
| **RICHARD MAY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action *pro se* against Defendants United Access and Richard May.  He claims that he was damaged when United Access negligently repaired the lift on his van, and that he was injured when a door at the United Access office closed on his hand.  He seeks damages based on the injuries to his hand and the cost of a new van.  Before the Court is Defendants' Motion to Dismiss (Doc. 4).  Defendants seek dismissal for lack of subject matter jurisdiction.  As explained more fully below, the Court grants Defendants' motion.

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[1]  There are two statutory bases for federal subject matter jurisdiction.  First, diversity jurisdiction is governed by 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different states."  Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising

---

[1]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

under the Constitution, laws or treaties of the United States," or federal question jurisdiction.  In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[2]  A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[3]  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[4]  "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[5]  Mere conclusory allegations of jurisdiction are not enough.[6]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[7]  "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents,

_____

[2]28 U.S.C. § 1367.

[3]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4]*Montoya*, 296 F.3d at 955.

[5]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[6]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

[7]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

2

and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[8]

Here, Defendants raise a facial attack on the Complaint.  Because Plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[9]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[10]  Construing Plaintiff's Complaint liberally, he alleges state law claims of personal injury and product liability.  As such, he must establish that this Court has diversity jurisdiction over his claims.  The Complaint establishes that Plaintiff is a citizen of Kansas, United Access is a resident of Kansas, and Richard May is a resident of Missouri.[11]  Because Plaintiff and United Access are both citizens of Kansas, it is clear from the face of the Complaint that there is not complete diversity between these parties.[12]  Accordingly, this case must be dismissed for lack of subject matter jurisdiction.[13]

---

[8]*Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[9]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[10]*Id.*

[11]Plaintiff fails to allege United Access's place of incorporation.

[12]*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").

[13]The Court may dismiss a non-diverse party in order to preserve diversity jurisdiction.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 845 (10th Cir. 1988).  But in this case, there are no claims asserted against Defendant May in his individual capacity, only in his capacity as an agent of United Access.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to

Dismiss (Doc. 4) is GRANTED.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2012.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE