**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **NOLAN MCKENZIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | Case No. 12-2395-EFM |
| | ) | |
| | ) | |
| **UNITED ACCESS, and** | ) | |
| **RICHARD MAY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Plaintiff brings this action *pro se* against Defendants United Access and Richard May. He claims that United Access negligently repaired the lift on his van, and that he was injured when a door at the United Access office closed on his hand. In a separate Memorandum and Order filed today, the Court dismisses this case for lack of subject matter jurisdiction.

Before the Court is Plaintiff's Motion for Hearing (Doc. 6), and Defendants' Motion for Sanctions (Doc. 8). As explained more fully below, the Court denies Plaintiff's motion for a hearing, and grants in part and denies in part Defendants' motion for sanctions. Defendants' motion for monetary sanctions is denied; instead, the Court imposes sanctions in the form of future filing restrictions, as set forth in this Order, based on Plaintiff's history of abusive and frivolous filings in this case and others.

*Background*

Plaintiff, the Reverend Nolan McKenzie, has a lengthy history of litigation in this Court, as well as in other federal courts and the state courts of Kansas and Missouri. In this Court

alone, Plaintiff has filed eleven cases since 1999.[1] Plaintiff has filed three cases in the United States Court for the Eastern District of Michigan,[2] and three cases in the United States District Court for the Western District of Missouri.[3] He has filed twenty-seven cases in Johnson County, Kansas District Court;[4] he has filed thirteen cases in the Circuit Court of Jackson County, Missouri.[5] He has sued several defendants multiple times in more than one jurisdiction, including his creditors, various insurance companies, and hospitals. And he has sued the Circuit Court of Jackson County and the United States District Court for the District of Kansas, along with Judge Robinson and Judge Rushfelt, based on rulings adverse to him.

Plaintiff's cases before this Court are replete with threatening and abusive filings. By way of example, Judge Robinson presided over one of Plaintiff's cases against Citibank, in 2008

---

[1] *McKenzie v. MCI Worldcom Inc.*, Case No. 99-2517, CM (dismissal for failure to state a claim and complaint stricken); *McKenzie v. Am. Fam. Publ'g*, Case No. 99-2498-JWL-DJW (dismissed on the merits, costs of action awarded to defendants); *McKenzie v. Am. Fam. Publ'g*, Case No. 99-2497-JWL (dismissed on the merits, costs of action awarded to defendants); *McKenzie v. Sears, Roebuck & Co.*, Case No. 08-2510-JAR (summary judgment granted to defendant in the amount of $6474.81, plus interest); *McKenzie v. United States Dist. Ct. of Kan.*, Case No. 10-2127-EFM-DJW (dismissed for failure to state a claim and judicial immunity); *McKenzie v. Sieve*, Case No. 10-2128-RDR-DJW (dismissed under 28 U.S.C. § 1915 based on judicial immunity and sovereign immunity); *McKenzie v. AAA Auto Fam. Ins. Co.*, Case No. 10-2160-KHV-DJW (dismissed as to one defendant for insufficient service; stipulation of dismissal as to second defendant); *McKenzie v. Bank of Am., Inc.*, Case No. 11-2519-JTM-JPO (dismissed for failure to properly serve and for failure to state a claim; observing similar case before Judge Vratil); *McKenzie v. Office Depot Corp.*, Case No. 12-2373-EFM-JPO (dismissed for failure to state a claim); *McKenzie v. Cibis*, Case No. 12-2394-EFM-GLR (dismissed for lack of jurisdiction and failure to state a claim); *McKenzie v. United Access*, Case No. 12-2395-JAR-DJW (dismissed for lack of jurisdiction).

[2] *McKenzie v. St. Joseph Med. Ctr.*, Case No. 11-14574-GCS-MKM (dismissed for lack of personal jurisdiction); *McKenzie v. Office Depot*, Case No. 11-14911 (dismissed for lack of jurisdiction and under 28 U.S.C. § 1915(e) as frivolous); *McKenzie v. Schorgl*, Case No. 11-14907 (dismissed because complaint failed to plead subject matter jurisdiction and a coherent factual basis for claims alleged).

[3] *McKenzie v. Howard Cnty. Jail*, Case No. 89-4130-SOW (dismissed as frivolous); *McKenzie v. Deacy & Deacy, LLP*, Case No. 10-185-SOW (dismissed for failure to state a claim and warning Plaintiff that future harassing and vexatious filings may result in sanctions); *McKenzie v. Nixon*, Case No. 10-186-DW (dismissed for insufficient and untimely service).

[4] Doc. 9-1 (listing of cases in which Rev. McKenzie is a party in Johnson County, Kansas District Court). The Court notes that some of these cases were counted under the federal case filings because they were removed.

[5] Doc. 9-2 (listing of cases in which Rev. McKenzie is a party in Jackson County, Missouri District Court).

and 2009.[6] In that case, in addition to several other frivolous filings, Plaintiff submitted a letter to the Court after receiving an adverse ruling.[7] He accused Judge Robinson of intentionally overlooking his submissions and evidence in the case, and threatened "you and Judge Rushfelt that I will turn up the heat from all different directions soon. . . . I do not care that you and Judge Rushfelt hate me because you are evil people."[8] Defendants attached another example to their motion for sanctions—an Order by Judge Ann Mesle, a Circuit Court Judge in Jackson County, Missouri, documenting comments that Judge Mesle characterized as "merely inappropriate," but that further evidence his pattern of abusive language in his case filings.[9] Rev. McKenzie suggested that Satan may take action against Judge Mesle, stating "[y]ou are living within your last days," and "[a]ny day now Satan will be calling you home. Satan just may be calling you back home soon. . . . I am not subject to judges' courts, powerful rich people, etc. You folks are subject to Nolan McKenzie. Time will tell you the truth."[10]

This case was filed the same day as Rev. McKenzie's case against Dr. Cibis and the Ophthalmology Group, and within about one week of his case against the Office Depot—all cases now assigned to the undersigned. In separate Orders filed today, this Court dismisses all three cases on the Defendants' motions, respectively, either for lack of jurisdiction or for failure to state a claim upon which relief may be granted. In addition to these cases lacking

---

[6]Case No. 08-2510-JAR.

[7]*Id.*, Doc. 99 (Jan. 22, 2010).

[8]*Id.*, Doc. 99 (Jan. 22, 2010).

[9]*McKenzie v. St. Joseph Med. Ctr.*, Case No. 0916-CV04271, slip op. at 6 (Jackson Cnty., Mo. Cir. Ct. Sept. 17, 2009), Doc. 9-4.

[10]*Id.* at 6 n.4.

3

jurisdictional facts, Plaintiff's claims against the defendants are largely incomprehensible. In this case, for example, Plaintiff has filed a document alleging that Defendants are, "foolish-minded," thieves, and "liars who are pimping the law."[11] He seeks imprisonment for the Defendants in all three cases, and in one filing, suggests that judges may be imprisoned.

On July 30, 2012, Plaintiff filed a document titled, "Plaintiff's Evidence Awaiting on the Court to Set Forward a Day of Hearings under Oath" (Doc. 6). This motion appears to request a hearing before the Court during which Defendants are placed under oath; that the Court order Defendants to prove that "a mechanic tore down the Plaintiff's vehicle and allegedly, that he lost parts without replacing them; and/or that the Plaintiff's vehicle is legally sound"; an order striking Defendant's Motion to Dismiss and Memorandum in Support; an award of $1.5 million; and that the Court imprison two unidentified mechanics Plaintiff claims serviced his vehicle on behalf of Defendants.

On August 29, 2012, Plaintiff submitted a document for filing titled: "George Washington's Deceitful Courthouse" (Doc. 10). The Court is unable to discern the relief Plaintiff seeks in this filing. He labels Defendants' motion for sanctions, "sick," and he asserts that the "Marshalls threaten to kill me."[12]

On September 11, 2012, Plaintiff filed a document in this and three other cases, titled: "Judges Promised to Grant" (Doc. 11). In this submission, Plaintiff again asserts that the

---

[11]Doc. 6.

[12]The Court takes judicial notice of a phone message left by Rev. McKenzie for Judge Robinson and Judge Rushfelt in March 2010. Plaintiff called Judge Robinson's office on a Saturday morning and left a long message for these "so called Judges." He accused the defendants in that matter of being crooks who had cheated him. He threatened the judges by stating multiple times that he was "sending the mafia" about his case and suggested he would have no problem after this. He accused both judges of racism and called them snakes. This message was reported to the United States Marshal's Service. Presumably, this precipitated the communications with United States Marshals referenced by Rev. McKenzie in his recent filings.

"Marshalls" have threatened him.  At the end of this filing, he states: "I am fully prepared for Judge Marshalls and myself to undertake prison term upon you, your hearing where evil Judges that should become situation, now.  Note: Judges goes to prison as well as others."

On October 5, 2012, Plaintiff submitted a document for filing titled: "Freedom of Speech Denied" (Doc. 12).  This filing too is rambling and incomprehensible.  He asks for additional relief on his claims, accuses Defendants of "slander (crime)/felony" and asks that Defendants be imprisoned.  And in this filing, he "demands compensatory damages in excess of $500,000,000 (Five Hundred Million Dollars) for practicing fraud."

*Discussion*

Plaintiff's motion for hearing provides no basis upon which this Court should conduct a hearing.  The case is in its earliest stages and is to be dismissed on jurisdictional grounds.  The Court does not require a hearing on such a motion.  In response to this motion, Defendants move for sanctions for Plaintiff's failure to follow Fed. R. Civ. P. 11.  Rule 11 provides that by presenting a written paper to the Court, Plaintiff certifies to the best of his knowledge that it is nonfrivolous, that it is not intended to harass or needlessly increase the cost of litigation, and that the legal and factual contentions have support in the law and evidence.[13]  Plaintiff has been warned previously that even though he proceeds *pro se*, he is subject to Rule 11, and that future violations may subject him to monetary or nonmonetary sanctions, including dismissal with prejudice.[14]  Yet, Plaintiff's motion for hearing seeks relief that has no basis in the law—damages far in excess of what he is entitled under the law, and imprisonment of

---

[13] Fed. R. Civ. P. 11(b).

[14] *See, e.g.*, Case No. 10-2160-KHV-DJW, Doc. 51, slip op. at 3–4 (Aug. 9, 2010); Doc. 58, slip op. at 18–19 (Sept. 13, 2010).

individuals who are not named as defendants in this action.  And Plaintiff has subsequently filed papers in this case that are abusive and threatening to the Court and to Defendants.

Defendants seek an award of  $810 in attorneys' fees, the amount expended in filing the instant motion, as a sanction for failing to abide by Rule 11 in submitting the motion for hearing. In addition, Defendants ask that Plaintiff be required to deposit the sum of $10,000 into the court registry to be paid out in attorneys' fees as necessary to respond to future frivolous filings, and to be returned upon termination of this action.  But this case is to be dismissed, so Defendant's proposed monetary sanction would serve no deterrent value for Rev. McKenzie's abusive filings. Moreover, a party seeking Rule 11 sanctions must satisfy the procedural requirements of Rule 11(c)(2), commonly known as the "safe harbor" provision.  Rule 11 sets forth mandatory requirements that a moving party must comply with before a court is permitted to order sanctions.[15]  The moving party must submit the motion for sanctions separate and apart from any other motion or request, and specifically describe the conduct that allegedly violates the rule.[16] The moving party must serve the motion on the opposing party.[17]  If, after twenty-one days, the opposing party does not withdraw the challenged paper, claim, defense, contention, allegation, or denial, the moving party may file its motion for sanctions with the court.[18]  There is no evidence that Defendants served Plaintiff with their motion for sanctions twenty-one days before filing

---

[15]*See* Fed. R. Civ. P. 11(c)(2); *see also Aerotech, Inc. v. Estes,* 110 F.3d 1523, 1528-29 (10th Cir. 1997).

[16]*See* R. 11(c)(2).

[17]*Id.*

[18]*Id.*

6

it.[19]  Thus, they are not entitled to Rule 11 sanctions.  Instead, the Court considers whether filing restrictions are appropriate, given Plaintiff's lengthy and abusive history with the court system.

The right of access to the courts is not absolute, nor is it unconditional.[20]  Under 28 U.S.C. § 1651, this Court has the authority to enjoin a litigant who abuses the court system through vexatious and harassing litigation.[21]  The Court may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."[22]  An injunction may be appropriate where the Court sets forth the litigant's abusive and lengthy history, where the litigant is given notice and an opportunity to be heard, and where the Court makes clear the requirements the plaintiff must meet in order to obtain permission to file an action.[23]  The Court is to evaluate the following five factors in determining whether a litigant's future access to the court should be limited:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. "Ultimately, the question the courts must answer

---

[19]*See McCormick v. City of Lawrence*, 218 F.R.D. 687, 691 (D. Kan. 2003) (noting that dismissal would not be warranted where defendants did not comply with the twenty-one day requirement); *McGregor v. Shane's Bail Bonds*, No. 10-2099-JWL, 2010 WL 3155635, at *18 (D. Kan. Aug. 9, 2010) (same).

[20]*In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).

[21]*See, e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

[22]*Zhu v. Fed. Housing Fin. Bd.*, No. 04-2539-KHV, 2007 WL 1266887, at *3 (D. Kan. May 1, 2007) (citation omitted).

[23]*Tripati*, 878 F.2d at 353–54.

> is whether a litigant who has a history of vexatious litigation is
> likely to continue to abuse the judicial process and harass other
> parties.[24]

The Court finds that these factors strongly counsel in favor of imposing filing restrictions on Rev. McKenzie. The Court has recited Plaintiff's history of *pro se* litigation. A review of this history reveals a pattern of abusive, vexatious, unnecessary, and threatening filings. While the sheer volume of Rev. McKenzie's litigation is noteworthy, the Court is more troubled by the vexatious, harassing, and duplicative nature of his litigation. He has threatened judges and opposing counsel, and he routinely labels his adversaries as "liars," "crooks," or "thieves," among other offensive accusations. He insists on submitting filings to the Court that are generally not provided for under the Rules. And Rev. McKenzie files lawsuits against the same parties in both state and federal court.[25] When he obtains adverse rulings and judgments, Rev. McKenzie often files claims against opposing counsel, judges, and courts.

The Court also finds that Rev. McKenzie's motivation in pursuing litigation is not based on an objective good faith belief in prevailing. He has filed dozens of lawsuits over the last twenty years and continues to assert conclusory claims upon which there is often no jurisdiction, that he fails to properly serve, and for which there is no basis in law or fact. He regularly fails to properly serve the defendants in his cases under the applicable rules. Despite repeated dismissals on these grounds, he continues to file cases that lack merit and to assert inflammatory

---

[24]*United States v. Kettler*, 934 F.2d 326 (table), 1991 WL 94457, at *6 (D. Kan. June 3, 1991) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)) (citations omitted).

[25]*See, e.g.*, *McKenzie v. Bank of America*, Case No. 10CV02078 (Johnson Cnty. D. Ct.); *McKenzie v. AAA Auto Fam. Ins. Co.*, Case No. 10CV02077 (Johnson Cnty. D. Ct.); *McKenzie v. Sears Roebuck & Co.*, Case No. 10CV02076 (Johnson Cnty. D. Ct.); *McKenzie v. Bank of America*, Case No. 11-2519-JTM (D. Kan.); *McKenzie v. AAA Auto Fam. Ins. Co.*, Case No. 10-2160-KHV (D. Kan.); *McKenzie v. Sears Roebuck & Co.*, Case No. 08-2510-JAR (D. Kan.) (removal action).

claims against his opponents. In some of these cases, the defendants have endured extensive motions practice in obtaining relief from Rev. McKenzie's claims. In the Citibank case, for example, there are over 103 docket entries spanning the course of a little more than one year.[26] Many of these docket entries are submissions by Rev. McKenzie that are not provided for by the federal or local rules—letters, notices, and motions that have no basis in the law. This practice causes needless expense for his opponents and for the Court.

Rev. McKenzie has been assessed costs, and case-specific filings restrictions, and he has been warned of his obligations under Rule 11. Yet, he continues to file documents that contain inflammatory accusations against the defendants, opposing counsel, and judges who preside over his cases. He does not have an unfettered right of access to the courts for these purposes. Accordingly, the Court finds that restrictions on Rev. McKenzie's future filings in the District of Kansas are warranted to protect the Court from needless time and expense, and to protect future defendants. Rev. McKenzie will be required to obtain leave of Court to submit future filings in existing cases and to initiate a civil action in the United States District Court for the District of Kansas without the representation of an attorney licensed to practice in the State of Kansas and admitted to practice before this Court.

Because this remedy is greater than the relief sought by Defendant's motion for sanctions, Rev. McKenzie will be provided with a period of time to file objections to this order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Hearing (Doc. 6) is **denied**.

---

[26]Case No. 08-2510-JAR.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (Doc. 8) is **granted in part and denied in part**. Defendant's motion for monetary sanctions is denied, but future filing restrictions are imposed on Rev. McKenzie as set forth in detail below.

1. With the exception of a proper motion for relief from an Order under Fed. R. Civ. P. 60, or an objection to this Order, the Clerk shall not accept or file any *pro se* submissions, filings, pleadings, or other documents by Rev. McKenzie or on his behalf, regardless of the payment of a filing fee, without express authorization of a judge of this Court.

2. Except in compliance with this Order, the Clerk shall not accept any pleading from Rev. McKenzie which purports to initiate a civil action. If Rev. McKenzie, proceeding *pro se*, desires to file a new lawsuit in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

    A. A copy of this Order and any subsequent Order;

    B. A copy of the proposed complaint or pleading;

    C. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each case;

    D. A notarized affidavit certifying:

        (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

      (2) that the claims are not frivolous, malicious, or made in bad faith.

Rev. McKenzie shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious.  The Court will either allow the filing or issue an Order denying it.  Failure to follow these procedures will result in rejection of any future case Rev. McKenzie attempts to file in this Court.

Plaintiff may file objections in writing to the Court's Order issuing filing restrictions no later than December 4, 2012.  A response that contains abusive or threatening language will be stricken and the filing restrictions will become effective immediately.  If Plaintiff files no objections the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2012.

              ERIC F. MELGREN
              UNITED STATES DISTRICT JUDGE